**UNITED STATES of America**

v.

**Sol B. HANDFINGER, Appellant.**

**No. 15832.**

United States Court of Appeals
Third Circuit.

Argued June 13, 1966.

Decided Aug. 10, 1966.

---

Malcolm H. Waldron, Jr., Philadelphia, Pa., for appellant.

Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

OPINION OF THE COURT

GANEY, Circuit Judge.

A jury found appellant guilty under each count of an eighteen-count information. Each count charged him with knowingly and willfully causing the A–C Trucking Company, Inc., a motor carrier engaged in interstate commerce for compensation, to receive and retain falsified driver's daily log from one Robert McDowell, in violation of § 322(g) of Title 49.

Appellant claims the trial court erred in not granting his motion for judgment of acquittal because the A–C Trucking Company, Inc., was engaged solely in carrying agricultural commodities, and was therefore exempt by § 303(b) (6) of Title 49, from being required to keep such records.

■ This section, in pertinent part, provides: "Nothing in this chapter, *except* the provisions of section 304 of this title relative to qualifications and maximum hours of service of employees and safety of operation or standards of equipment shall be construed to include * * (6) motor vehicles used in carrying property consisting of * * * agricultural (including horticultural) commodities * * *." [1] (Italics ours.) In the case of A. W. Hawkins, Inc. v. United States, 244 F.2d 854, 856–857 (C.A. 4, 1957), the

---

[1]. Section 304 of Title 49, in relevant part, provides:

"Powers and duties of Commission—
(a) Powers and duties generally
"It shall be the duty of the Commission—
"(1) To regulate common carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to * * * records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment."

802

Court rejected an identical argument. We also refuse to accept that argument.

■ Alternatively appellant argues that the Commission's duties to regulate exempt motor carriers relative to "qualifications and maximum hours of service of employees and safety of operation or, standards of equipment" does not encompass the power of requiring carriers to keep reports, records and logs. This argument is void of merit and contrary to the express permission granted the Commission by § 204 of the Interstate Commerce Act, 49 U.S.C.A. § 304. The A–C Trucking Company was not exempt from keeping the records in question. Hence the trial court did not err in refusing to grant the motion for judgment of acquittal.

As a ground for a new trial, appellant complains of the trial judge's limitation of the time for defense counsel's summation. Each side was given fifteen minutes to present argument to the jury. While Malcolm H. Waldron, Jr., Esquire, attorney for appellant, was summing up, the following colloquy took place.

THE COURT: "Mr. Waldron, I don't like to interrupt you, but you have gone far beyond your time."

MR. WALDRON: "May I have one more minute, sir?"

THE COURT: "Yes, go ahead."

MR. WALDRON: "Thank you."

THE COURT: "You can have five minutes if you want, but don't overdo it." [2]

Defense counsel says he needed more time for summation in order to overcome the adverse effect on the jury's mind created by the number of witnesses, six in all, called by the prosecution. With the exception of Robert McDowell,[3] the witnesses called by the prosecution did not testify to anything which could have been usefully argued to the jury. Defense counsel could have eliminated any possible adverse effect this array of five witnesses may have had on the jury by entering into a stipulation of facts. He did not do so and put the prosecution to the task of proving facts about which there could be little or no dispute.

■ At the argument of this appeal counsel for appellant candidly admitted that he purposely extended his summation to the jury by referring to comparatively unimportant matters. He did this, he explains, so that his argument would run beyond the time allotted him, and if the trial judge interrupted him, it would appear in the transcript of the proceedings for an appellate court to see. The trial judge responded exactly as he had planned. Even if we disregard the frank admission of defense counsel, we are of the view that the trial judge, in limiting the time for summation, did not go beyond the area of his discretion.[4] But even if we assume that he did, appellant has failed to demonstrate how he was prejudiced by the trial judge's limiting the time for closing addresses to the jury. The district court committed no error in denying the motion for a new trial.

The judgment of conviction and sentence will be affirmed.

2. Unfortunately clock readings of the beginning and end of Mr. Waldron's summation do not appear in the transcript of the trial proceedings.

3. Robert McDowell testified that he kept a log of each trip made by him with a tractor-trailer hauling produce from Philadelphia, Pa., to Baltimore, Md., and occasionally to Washington, D. C. for the A–C Trucking Company, and that he altered information in eighteen of those logs at defendant's request. That is new logs were prepared by him so that they would reflect "Off Duty" instead of "On Duty (Not Driving)" as appeared in the original logs.

4. A trial court has wide discretion in the allotting of time for argument to a jury. See for example, Barnard v. United States, 342 F.2d 309 (C.A.9, 1965); Butler v. United States, 317 F.2d 249 (C.A.8, 1963); Cases v. United States, 131 F.2d 916, 925 (C.A.1, 1942). In the last cited case, the allotment of twenty minutes for argument was held not to be an abuse of discretion.